## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MONICA C. SIMPKINS, *et al.*,
    *Plaintiffs,*

v.

NATALIE JANETTE BOOKER,
    *Defendant.*

Case No. 25-cv-3814-ABA

## MEMORANDUM OPINION

Plaintiffs Monica and Lamonte Simpkins sued Defendant Natalie Booker in Maryland state court to evict her from their property that Ms. Booker was renting. Ms. Booker has removed the case to this Court, citing numerous grounds for federal jurisdiction and filing counterclaims. For the reasons explained below, the Court will remand all of the claims and counterclaims back to state court except for Ms. Booker's bankruptcy counterclaim, which will be transferred to the bankruptcy court.

## I.   BACKGROUND

The Simpkins sued Ms. Booker for unlawfully holding over past the end of her agreed tenancy in November 2025. *See* ECF No. 3; Md. Code Ann., Real Prop. § 8-402. The Simpkins filed their case in the District Court of Maryland for Prince George's County, where it was docketed under Case No. D-05-CV-25-051413. ECF No. 3; ECF No. 1 at 1. Ms. Booker, who is self-represented, then removed the case to this Court. ECF No. 1. She asserts multiple bases for federal jurisdiction and removal. ECF No. 1 at 1–3. Ms. Booker has also filed a motion to dismiss (ECF No. 4), a counterclaim and amended counterclaim alleging violations of several state and federal laws, (ECF No. 5, 13), a supplement to her notice of removal (ECF No. 12), and an emergency motion to void a

1

default judgment proceeding that occurred in state court after the removal (ECF No. 18). The Simpkins filed a "motion to dismiss for lack of jurisdiction." ECF No. 14.

Some of Ms. Booker's defenses and counterclaims are related to bankruptcy. In her notice of removal, she alleges that the Simpkins' "eviction filing . . . seeks to enforce claims connected to periods protected by federal bankruptcy law." ECF No. 1 at 2. Ms. Booker has also brought a counterclaim alleging that Plaintiffs violated bankruptcy laws. ECF No. 13 at 2. Ms. Booker appears to be referring to her bankruptcy case in the U.S. Bankruptcy Court for the District of Maryland, Case No. 25-16693 (hereinafter, the "Bankruptcy Case"). Ms. Booker filed her case under Chapter 7 in July 2025. Bankruptcy Case ECF No. 1 at 1. The Bankruptcy Court entered a discharge order and closed the case in October 2025. Bankruptcy Case ECF Nos. 34 & 35.

Following removal and the parties' motions, this Court issued an order directing supplemental briefing regarding Ms. Booker's bankruptcy-related defense and counterclaim. ECF No. 22. The parties submitted concurrent briefs on that issue. ECF Nos. 23 & 24. The Simpkins captioned their brief as a "motion to remand." ECF No. 23.

## II.    DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a state court case that could have originally been brought in federal court. Such cases are limited because federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.* 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, federal courts have original jurisdiction over civil cases, with some exceptions, in two primary instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction where no defendant may be a citizen of the

same state as any plaintiff and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. The issue of whether federal question jurisdiction exists is generally determined based on the four corners of a well-pleaded complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9 (1983). "A counterclaim, in other words, is not eligible to serve as the basis for removal on federal question grounds." *UTrue, Inc. v. Page One Sci., Inc.*, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006).

Ms. Booker cited § 1441 in her notice of removal and asserted several different grounds for original federal jurisdiction. ECF No. 1 at 3. First are the federal-question jurisdiction bases: violation of a bankruptcy stay, "retaliation" under 42 U.S.C. §§ 1982 and 3617, and violation of "Federal Housing Law" and licensing regulations. ECF No. 1 at 1–2. It appears that Ms. Booker primarily contends that these grounds for jurisdiction exist due to her counterclaims, which she filed on the same day as the notice of removal and which cite violations of the same statutes as the notice of removal. ECF No. 5 at 1–3; *see also* ECF No. 13 (amended counterclaim). Ms. Booker's notice of removal also contends that diversity jurisdiction applies and that supplemental jurisdiction exists for any remaining state law issues. *Id.* at 2–4.

First, the Court does not have diversity jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between citizens of different states." 28 U.S.C. § 1332(a)(1). Ms. Booker has not contended that the parties are citizens of different states, and indeed the Simpkins' complaint (which was attached to the notice of removal) indicates that Plaintiffs and Ms. Booker are both residents of Maryland. ECF No. 1-4 at 1.

3

Next, Ms. Booker cannot use the alleged federal "retaliation" claim or defense as a basis for removal either. Ms. Booker cites to two statutory provisions allegedly related to retaliation: 42 U.S.C. §§ 1982 and 3617. ECF No. 1 at 2. The first provision states "all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens therof to . . . lease . . . real and personal property." 42 U.S.C. § 1982. The latter provision pertains to preventing interference or coercion with the right to be free from discrimination in housing. *See* 42 U.S.C. §§ 3604, 3617. Regardless of whether Ms. Booker can plead federal defenses or counterclaims on these grounds against Plaintiffs, she cannot use them as a basis for removal under federal question jurisdiction. See *Wittsdadt v. Reyes*, 113 F. Supp. 3d 804, 806 (D. Md. 2015) ("A federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds."). Further, the sole alleged factual basis for the retaliation claims is that the Plaintiffs ignored a settlement offer Ms. Booker sent them. ECF No. 1 at 2. Even if federal discrimination or retaliation counterclaims could give rise to federal jurisdiction over a complaint removed from state court, Ms. Booker's counterclaims would fail to plausibly state a claim on which relief can be granted.

Ms. Booker's claims regarding alleged licensure violations cannot support removal either. ECF No. 1 at 2. Ms. Booker only appears to allege a violation of state and/or county law regarding licensure. *Id.* Such claims are squarely the province of state law, and do not raise any federal question.

That leaves Ms. Booker's bankruptcy claims and defenses, which are more jurisdictionally complicated. Ms. Booker contends that she filed for Chapter 7 bankruptcy in July 2025, that a stay was entered in September 2025, and that she was granted a discharge in October 2025. ECF No. 4 at 1. She then argues that the Simpkins'

action, commenced on November 6, 2025, "attempt[s] to enforce claims prohibited by both the stay and the discharge," and thus gives rise to exclusive federal bankruptcy jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. §§ 362 and 524. *Id.* Ms. Booker has also lodged counterclaims based on alleged violations of the bankruptcy stay. ECF No. 13 at 2–3.

Unlike other types of federal law counterclaims, a state court defendant *can* remove a case based upon bankruptcy-related defenses or counterclaims. 28 U.S.C. § 1452(a); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764 (S.D. Tex. 2005) ("The well-pleaded complaint rule is not applicable in 'related to' bankruptcy removal cases."). However, federal courts must abstain from hearing such cases in the following circumstances:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). In other words, "[a]bstention is mandatory when: (1) the proceeding is based on a state law cause of action; (2) the proceeding relates to a Title 11 case but is not a core proceeding; (3) the proceeding could not have been commenced in federal court absent jurisdiction provided by Section 1334 of Title 28; and (4) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." *In re Miller*, 674 B.R. 316, 333 (Bankr. D. Md. Oct. 3, 2025). "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11. The

detailed list of core proceedings in [28 U.S.C.] § 157(b)(2) provides courts with ready examples of such matters." *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see also In re Ratliff*, Case No. 01-bk-21157, 2021 WL 3868512, at *4 (Bankr. S.D.W. Va. Aug. 27, 2021) ("Matters 'arising under' Title 11 involve causes of action created by the Bankruptcy Code, while matters 'arising in' are 'not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'") (quoting *Houck v. Lifestore Bank Substitute Trustee Servs., Inc.*, 582 B.R. 138, 140 (Bankr. W.D.N.C. 2018)).

Applying this standard here, the Court must abstain from hearing the Simpkins' eviction complaint regardless of Ms. Booker's bankruptcy-related defense. The eviction case is a state cause of action, as explained above. It is not a core proceeding, as the eviction arose under state law, not under bankruptcy law or in Ms. Booker's bankruptcy case. The case could not have been commenced in this Court, as there is generally no federal jurisdiction over state eviction cases. *See Ratliff*, 2021 WL 3868512, at *5 ("State law causes of action are not explicitly created by the Bankruptcy Code, so they are not 'arising under' claims, nor are they dependent upon the bankruptcy case, so they are also not 'arising in' claims.") (quotations omitted). The case can be adjudicated in the state court, which is competent to rule regarding Ms. Booker's bankruptcy defense. *See In re Arnolds*, Case No. 15-14215-BFK, 2023 WL 138858, at *6 (Bankr. E.D. Va. Jan. 9, 2023) ("[T]he Circuit Court is capable of adjudicating [the defendant's] affirmative defense of the [bankruptcy] discharge[.]"). Therefore, Ms. Booker may not rely on her bankruptcy defense to avoid remand of the eviction claims. *See Miller*, 674 B.R. at 333 (finding that abstention was mandatory pursuant to § 1334(c)(2) over state court eviction complaints because the complaints "are entirely based on state law, are not core

proceedings, could not have been filed in the District Court or this Court without the accompanying Counterclaim, and can be timely adjudicated by the State Court, which routinely presides over landlord/tenant matters.").

Ms. Booker's bankruptcy counterclaim is a different matter. Federal courts have exclusive jurisdiction over claims arising under the bankruptcy code. *See* 28 U.S.C. § 1334(a). This includes claims for sanctions related to an alleged violation of a bankruptcy stay or discharge, as "only the bankruptcy court that issued the . . . order may offer a contempt remedy for an alleged violation of a court order and injunction." *Miller*, 674 B.R. at 329 (quoting *Golden v. Discover Bank (In re Golden)*, Case No. 16-40809-ESS, 2021 WL 1535784, at *10 (Bankr. E.D.N.Y. Jan. 25, 2021)). As the court explained in *Miller*, "there is a distinction between asserting the discharge as an affirmative defense, over which state courts and bankruptcy courts have concurrent jurisdiction, and seeking contempt sanctions for violations of the discharge injunction, over which bankruptcy courts have exclusive jurisdiction." *Id.* at 333. Ms. Booker alleges that the Simpkins violated a bankruptcy automatic stay and discharge. ECF No. 13 at 2–3; ECF No. 24 at 1–2. A federal court has exclusive jurisdiction over these claims.

This Court will take the same path as the court in *Miller*. Because Ms. Booker has not shown a basis for federal jurisdiction over the Simpkins' eviction complaint other than the bankruptcy counterclaim, the Court will remand the eviction case back to state court. The Court will not exercise supplemental jurisdiction over the eviction complaint, considering the rule of mandatory abstention explained above. 28 U.S.C. § 1334(c)(2); *see also* 28 U.S.C. § 1452(b) ("The court to which [a bankruptcy] claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). Because there is exclusive federal jurisdiction over a counterclaim for violation of a

7

bankruptcy order, the Court will transfer Ms. Booker's counterclaim to the Bankruptcy Court for the District of Maryland, with directions to open a new adversary proceeding in Ms. Booker's existing bankruptcy case (or to otherwise handle that dispute as the Bankruptcy Court sees fit).

## III.   CONCLUSION

For the foregoing reasons, the Court will grant the Simpkins' motion to remand with respect to all claims and counterclaims *except* for Ms. Booker's bankruptcy counterclaim, which will be transferred to bankruptcy court. A separate order follows.


Date:  April 9, 2026                          _____/s/_____
                                              Adam B. Abelson
                                              United States District Judge